UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLOYD M. SWEM,

    Plaintiff,                                                   Case No. 6:20-cv-01534

v.

VALENTINE & KEBARTAS, LLC,

    Defendant.
                                               /

## COMPLAINT

**NOW COMES** Cloyd M. Swem ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Valentine & Kebartas, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and Defendant conducts business in the Middle District of Florida.

4. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C. §1367.

1

**PARTIES**

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Middle District of Florida.

6. Defendant is a limited liability company located at 15 Union Street, Suite 606, Lawrence, Massachusetts 01840. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Florida.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In February 2020, Plaintiff began receiving collection calls to his cellular telephone number (386) XXX-9000 from Defendant.

8. Defendant was attempting to collect a First Bank of Omaha personal credit card debt ("subject debt"), for which it acquired the right to collect after it was in default.

9. Soon after the calls began, Plaintiff answered a phone call to his cellular phone from Defendant. During this call, Plaintiff requested Defendant stop calling him, as he did not have the means to make payment on the subject debt.

10. Notwithstanding Plaintiff's specific request that Defendant's collection calls cease, Defendant placed or caused to be placed numerous harassing phone calls between February 2020 and the present day without Plaintiff's consent.

11. Plaintiff answered Defendant's calls on multiple occasions and demanded that the phone calls cease. Most recently, Plaintiff requested that Defendant stop calling him on July 31, 2020.

12. Despite Plaintiff's multiple demands to stop calling, Defendant has continued bombarding Plaintiff with calls to his cellular phone without his consent.

13. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expenditure of assets.

14. The phone numbers that Defendant most often uses to contact Plaintiff are (321) 348-6119, (321) 701-2281, and (321) 348-6245, but upon information and believe, it may have used multiple other phone number to place phone calls to Plaintiff's cellular phone number.

## DAMAGES

15. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

16. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

17. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

18. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

26. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

27. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

28. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692d

29. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

30. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone.

31. As pled above, Plaintiff was severely harmed by Defendant's conduct.

32. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

33. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Florida in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

34. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CLOYD M. SWEM respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

37. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

38. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

39. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

40. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of the FCCPA § 559.72(7)

41. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engages in other conduct which can reasonably be expected to abuse or harass the debtor.

42. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed and asked Defendant to stop calling him. Ignoring Plaintiff's request, Defendant placed numerous calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff CLOYD M. SWEM respectfully requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 25, 2020                                    Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
